UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT A. BRIGHT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KALSHIEX LLC, a Delaware limited liability company; and KALSHI INC., a Delaware corporation,<br><br>Defendants. | Case No.:<br><br>NOTICE OF REMOVAL TO FEDERAL COURT<br><br>[CLERK'S ACTION REQUIRED]<br><br>[*King County Superior Court No.* ___] |

**TO:** **THE CLERK OF COURT**

**AND TO:** **SCOTT A. BRIGHT, PLAINTIFF, AND HIS COUNSEL OF RECORD, MICHAEL DAUDT, DAUDT LAW PLLC**

Defendants KalshiEX LLC ("**KalshiEX**") and Kalshi Inc. ("**Kalshi**") (together, "**Defendants**"), by and through undersigned counsel, hereby jointly remove the above-captioned civil action from the Superior Court of the State of Washington in and for the County of King to the United States District Court for the Western District of Washington at Seattle pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Western District of Washington Local



Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

Civil Rule ("**LCR**") 101.

Removal is proper because this Court has original jurisdiction under 28 U.S.C. § 1332(a): the action is between citizens of different States—Washington (Plaintiff) and Delaware and New York (Defendants)—and the amount in controversy exceeds $75,000, exclusive of interest and costs, as Plaintiff seeks $580,544.98 on his first claim alone. Removal is also timely and procedurally proper, as this Notice is filed within 30 days of service of the Summons and Complaint.

By filing this Notice of Removal, Defendants do not waive any defenses they have to this action, whether in state or federal court, including, but not limited to, improper service of process, lack of personal jurisdiction, and/or the right to compel arbitration. Defendants reserve the right to amend or supplement this Notice of Removal.

In support of removal, Defendants provide the following short and plain statement of the grounds for removal:

## I. BACKGROUND

1. Plaintiff Scott A. Bright ("**Plaintiff**") seeks to recover nearly $600,000 from Defendants after making 253 separate transfers to their platform in less than two months to trade on the outcomes of sporting events.

2. Plaintiff commenced this action by serving Defendants with a Summons (the "**Summons**") (attached hereto as Exhibit A) and Complaint (the "**Complaint**") (attached hereto as Exhibit B), each captioned in the Superior Court of the State of Washington in and for the County of King and dated **September 24, 2026**.



Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

3. Plaintiff asserts claims for (i) recovery of money lost at gambling under RCW 4.24.070, seeking $580,544.98 (Count I); (ii) violation of the Washington Consumer Protection Act, chapter 19.86 RCW, seeking actual damages, enhanced damages, and attorneys' fees and costs (Count II); and (iii) unjust enrichment, pleaded in the alternative, seeking restitution and disgorgement of the funds he transferred and $89,651.76 in fees (Count III), together with prejudgment and postjudgment interest.

4. Plaintiff asserts each of his three claims against both Defendants and seeks judgment against them jointly and severally. (Compl. ¶¶ 2.5, 5.1–5.15; *id.* § VI.) Plaintiff brings the action individually and expressly disclaims any class allegations. (*Id.* ¶ 1.3.)

5. Pursuant to 28 U.S.C. § 1446(a), true and complete copies of all process, pleadings, and orders served on Defendants, consisting of the Summons and Complaint, are attached as Exhibits A and B. Pursuant to LCR 101(b), Defendants are contemporaneously filing a copy of the Complaint as a separate attachment labeled "Complaint," a certificate of service listing all counsel who have appeared with their contact information, including email address, a completed Civil Cover Sheet, and counsel's verification under LCR 101(b)(5). Because the Complaint has not been filed in the state court, no jury demand or other state court records or proceedings exist.

6. To Defendants' knowledge, no jury demand has been filed in the state court, no motions are pending in the state court, and no other process, pleadings, or orders have been served on Defendants. No previous application has been made for the relief requested in this Notice.



Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

## II. REMOVAL IS PROPER PURSUANT TO 28 U.S.C. § 1441.

7. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal is proper in this case.

### A. This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332(a).

8. This Court has original jurisdiction over civil actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Briggs v. Serv. Corp. Int'l*, 653 F. Supp. 3d 839, 845 (W.D. Wash. 2023) (quoting *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001)). Diversity must exist both when the action commences in state court and at the time of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002). All requirements are satisfied here.

9. ***Plaintiff Is a Citizen of Washington.*** A natural person's state citizenship is determined by his domicile, defined as his permanent home, where he "resides with the intention to remain or to which [he] intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

10. Plaintiff alleges that he is a natural person residing in Bellevue, King County, Washington; that he resided in Washington before and throughout the period alleged in the Complaint; and that he opened his Kalshi account in Washington. (Compl. ¶ 2.1.) Plaintiff



Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

further alleges that venue is proper in King County because he resides there (*id.* ¶ 3.3), and he describes himself as "a Washington consumer" (*id.* ¶ 1.1).

11. Plaintiff is therefore domiciled in, and a citizen of, the State of Washington.

12. ***Kalshi Is a Citizen of Delaware and New York.*** A corporation is a citizen of every State in which it is incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center," the place where its "officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *see also, e.g.*, *Rosenwald v. Kimberly-Clark Corp.*, 152 F.4th 1167, 1175 (9th Cir. 2025).

13. Kalshi is, and at all relevant times was, a corporation organized under the laws of the State of Delaware, with its principal place of business in New York, New York, where its officers direct, control, and coordinate its activities. (Compl. ¶ 2.3 (alleging that Kalshi is a Delaware corporation with its principal office in New York, New York).)

14. Kalshi is therefore a citizen of Delaware and New York.

15. ***KalshiEX Is a Citizen of Delaware and New York.*** A limited liability company is a citizen of every State of which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A limited liability company's State of formation and principal place of business do not determine its citizenship, and the citizenship of all of its members must be identified. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611–12 (9th Cir. 2016); *see also* LCR 101(e).

16. KalshiEX is a Delaware limited liability company. Its sole member is Kalshi, and it has had no other member at any relevant time. (*Cf.* Compl. ¶¶ 2.2–2.3 (alleging that



Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

KalshiEX is a Delaware LLC and that Kalshi is its parent company).) Kalshi is a corporation and a citizen of Delaware and New York. *See supra* ¶¶ 12–14.

17. KalshiEX is therefore a citizen of Delaware and New York, and of no other State.

18. ***Complete Diversity Exists, and the Forum-Defendant Rule Does Not Apply.*** Plaintiff is a citizen of Washington. Neither Defendant is a citizen of Washington; each is a citizen of Delaware and New York. Complete diversity therefore exists. 28 U.S.C. § 1332(a)(1).

19. Because no properly joined and served defendant is a citizen of Washington, the State in which this action was brought, removal is not barred by 28 U.S.C. § 1441(b)(2).

20. ***The Amount in Controversy Exceeds $75,000.*** The amount in controversy is determined by the complaint operative at the time of removal. It encompasses all relief a court may grant on that complaint if the plaintiff is victorious, including compensatory and enhanced damages and attorneys' fees awarded under fee-shifting statutes. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–16 (9th Cir. 2018).

21. Plaintiff's Complaint specifies the amount sought, so LCR 101(a) does not apply.

22. On Count I alone, Plaintiff demands judgment of $580,544.98, which he alleges is the sum he lost wagering on the outcomes of sporting events "through Defendants KalshiEX LLC and Kalshi Inc." (Compl. ¶ 1.1; *see also id.* ¶¶ 4.22, 5.5, 6.1.) On Count II, Plaintiff additionally seeks actual damages, enhanced damages, and reasonable attorneys' fees and costs. (*Id.* ¶¶ 5.10, 6.2, 6.4.) In the alternative, on Count III, Plaintiff seeks restitution and



Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

disgorgement of "all funds Plaintiff transferred to Kalshi," which he alleges total $315,353.94, and of $89,651.76 in fees. (*Id.* ¶¶ 4.16, 5.12–5.15, 6.3.) Plaintiff also seeks prejudgment interest at the maximum rate allowed by law. (*Id.* ¶ 6.5.)

23. The amount sought under Count I and the amount sought under Count III, which is pleaded in the alternative, each independently exceed $75,000, exclusive of interest and costs. Count II further seeks enhanced damages and attorneys' fees in addition to actual damages. *See Wise v. Long*, 668 F. Supp. 3d 1145, 1151–52 (W.D. Wash. 2023) (claim for at least $60,000 plus treble damages under the Consumer Protection Act satisfied the jurisdictional threshold).

**B. This Notice of Removal Is Timely and Otherwise Appropriate.**

24. A notice of removal must be filed within 30 days after the defendant's receipt, through service or otherwise, of a copy of the initial pleading. 28 U.S.C. § 1446(b)(1).

25. On September 24, 2026, Plaintiff served the Summons and Complaint on KalshiEX through its registered agent.

26. On the same date, Plaintiff served the Summons and Complaint on Kalshi through the same registered agent, which serves as registered agent for both Defendants.

27. Service of the Summons and Complaint commenced the action under Washington Superior Court Civil Rule ("**CR**") 3(a), even though the Complaint had not yet been filed with the King County Superior Court.

28. Whether an action is pending in state court for purposes of removal is determined by state law. *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 686 (9th Cir. 2005) ("A state's own laws and rules of procedure determine when a dispute may be deemed a cognizable

legal action in state court."). Under Washington law, a civil action is commenced by service of a summons and complaint or by filing a complaint, and upon commencement the state court acquires jurisdiction. RCW 4.28.020; CR 3(a); *Seattle Seahawks, Inc. v. King Cnty.*, 128 Wash. 2d 915, 917, 913 P.2d 375 (1996) ("[A] civil action is commenced by filing *or* by service of the summons and complaint." (emphasis in original)).

29. Consistent with these principles, at least one court in this District has held that a Washington action commenced by service is subject to removal even though the complaint has not been filed, because "[t]here is nothing in the removal statute that requires a state court filing as a prerequisite to filing a notice of removal." *Melvin v. Kingsolver*, 2012 WL 13026632, at *3 (W.D. Wash. June 12, 2012).

30. Because Plaintiff served the Summons and Complaint on Defendants, the action has been commenced under CR 3(a) and is pending in the Superior Court of the State of Washington in and for the County of King for purposes of 28 U.S.C. § 1441(a).

31. This Notice is being filed on October 23, 2026, within 30 days of service on each Defendant. Where, as here, a Washington action is commenced by service of the summons and complaint, the 30-day removal period runs from that service. *See Melvin*, 2012 WL 13026632, at *4.

32. This Court is the district court for the district and division embracing King County, where the action is pending. 28 U.S.C. §§ 1441(a), 1446(a).

33. Removal is based solely on 28 U.S.C. § 1441(a). Both Defendants, the only defendants named in the action, join in this Notice and consent to removal. 28 U.S.C. § 1446(b)(2)(A).



Duane Morris LLP
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127

34. This Notice is signed pursuant to Federal Rule of Civil Procedure 11. 28 U.S.C. § 1446(a).

35. Promptly after filing this Notice, Defendants will give written notice of removal to Plaintiff through his counsel of record and will file a copy of this Notice with the Clerk of the Superior Court of the State of Washington in and for the County of King, as required by 28 U.S.C. § 1446(d).

## III. CONCLUSION

WHEREFORE, Defendants KalshiEX and Kalshi respectfully remove this action from the Superior Court of the State of Washington in and for the County of King to the United States District Court for the Western District of Washington at Seattle. If any question arises as to the propriety of this removal, Defendants respectfully request the opportunity to submit briefing and present oral argument in support of their position that this action is removable.

Dated this 23rd day of October, 2026

**DUANE MORRIS LLP**

*/s/ Jessica E. La Londe*

Jessica E. La Londe (WSBA# 56399)
Spear Tower, One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
P: 415.957.3225
F: 415.520.9395
jelalonde@duanemorris.com

*Attorney for Defendants*