# EXHIBIT B

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| SCOTT A. BRIGHT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KALSHIEX LLC, a Delaware limited liability company; and KALSHI INC., a Delaware corporation,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR RECOVERY OF MONEY LOST AT GAMBLING, VIOLATION OF THE CONSUMER PROTECTION ACT, AND OTHER RELIEF** |

## I. NATURE OF THE ACTION

1.1 This is an action by a Washington consumer to recover the money he lost wagering on the outcomes of sporting events through Defendants KalshiEX LLC and Kalshi Inc. — $580,544.98, computed game by game as Washington law requires — together with enhanced damages, interest, and attorneys' fees. The wagering occurred at a time when it was unlawful in Washington and when the Washington Attorney General had already sued KalshiEX LLC in this Court alleging precisely that.

1.2 Washington has prohibited internet gambling since 2006. Washington has also provided, since long before that, a statutory cause of action permitting any person who loses money at illegal gambling to recover it from the proprietor for whose benefit the game was conducted. RCW 4.24.070.



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

1.3 Plaintiff brings this action individually. He does not seek to represent a class.

## II. PARTIES

2.1 Plaintiff Scott A. Bright is a natural person residing in Bellevue, King County, Washington. He resided in Washington before and throughout the period alleged in this Complaint, and he opened his Kalshi account in Washington.

2.2 Defendant KalshiEX LLC ("KalshiEX") is a limited liability company organized under the laws of Delaware, with its principal place of business in New York, New York. KalshiEX operates an internet platform, accessible in Washington during all relevant periods, on which users stake money on the outcomes of future events, including sporting events.

2.3 Defendant Kalshi Inc. is a Delaware corporation with its principal office at 416 W. 13th Street, Suite 207, New York, New York 10014. Kalshi Inc. is the parent company of KalshiEX. On July 27, 2026 — ten days after this Court granted the State's motion for a preliminary injunction — Kalshi Inc. registered with the Washington Secretary of State as a foreign profit corporation, UBI No. 604 613 851. Its registered agent in Washington is Corporation Service Company, 300 Deschutes Way SW, Suite 208, Tumwater, Washington 98501.

2.4 Each of Plaintiff's 253 transfers was payable to "KALSHI," appearing on his bank statements as "DEBIT PURCHASE -VISA KALSHI KALSHI.COM NY" or "WEB AUTHORIZED PMT Kalshi." On information and belief, Kalshi Inc. owns KalshiEX and the Affiliate described in Section F below, supplies the Affiliate's capital, and profited from the wagering conducted on the platform, and the funds Plaintiff lost and the fees he paid were received by or for the benefit of both Defendants.



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

2.5 KalshiEX and Kalshi Inc. are referred to together as "Kalshi." Each allegation concerning Kalshi is made against each Defendant.

## III. JURISDICTION AND VENUE

3.1 This Court has subject matter jurisdiction under Article IV, Section 6 of the Washington Constitution and RCW 2.08.010.

3.2 This Court has personal jurisdiction over each Defendant under RCW 4.28.185. Kalshi transacted business within Washington, solicited Washington residents, accepted 253 separate transfers of funds from a Washington resident's bank account, and collected fees on each. Kalshi Inc. is registered to transact business in Washington. Plaintiff's claims arise from that conduct.

3.3 Venue is proper in King County under RCW 4.12.025. Plaintiff resides in King County and Kalshi transacts business in King County.

## IV. FACTUAL ALLEGATIONS

### A. Washington law prohibits internet gambling.

4.1 In 2006 the Washington Legislature prohibited the transmission or receipt of gambling information by internet or other telephonic means. RCW 9.46.240. The Legislature's findings appear at Laws of 2006, ch. 290, § 1.

4.2 RCW 4.24.070 provides: "All persons losing money or anything of value at or on any illegal gambling games shall have a cause of action to recover from the dealer or player winning, or from the proprietor for whose benefit such game was played or dealt, or such money or things of value so lost."

4.3 In *Heitfeld v. Benevolent & Protective Order of Keglers*, 36 Wn.2d 685, 695–96, 220 P.2d 655 (1950), the Washington Supreme Court held that a proprietor is liable under the



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

predecessor of RCW 4.24.070 although it did not itself receive the money lost, and that a player's winnings in separate and distinct games are immaterial and may not be offset against the sums lost.

4.4 In *Kater v. Churchill Downs Inc.*, 886 F.3d 784, 785, 787–89 (9th Cir. 2018), the Ninth Circuit applied Washington's gambling statutes to an internet platform.

4.5 On August 28, 2026, the Ninth Circuit held in *KalshiEX, LLC v. Assad*, No. 25-7516, that Kalshi's sports event contracts likely are not swaps within the meaning of the Commodity Exchange Act, and accordingly are not insulated from state gambling enforcement by the Commodity Futures Trading Commission's exclusive jurisdiction. The court held that "[t]he substance of the sports event contracts offered on Kalshi's DCM is sports gambling, regardless of whether Kalshi calls them swaps," that "for Kalshi to deny that its sports event contracts are sports bets under a reasonable person's understanding is disingenuous," and that "everyone, including Kalshi, knows it when they see it." The court concluded: "Just as '[t]hat which we call a rose by any other name would smell as sweet,' William Shakespeare, *Romeo and Juliet* act 2, sc. 2, placing sports bets, even when called by another name, is still gambling." Slip op. at 28.

**B. The State of Washington sued KalshiEX before Plaintiff's first deposit.**

4.6 On March 27, 2026, the Washington Attorney General, Consumer Protection Division, filed *State of Washington v. KalshiEX, LLC*, King County Superior Court No. 26-2-10264-3 SEA, alleging that KalshiEX provides, markets, and advertises illegal gambling activities to consumers in King County in violation of the Consumer Protection Act, the Gambling Act, and RCW 9.46.240.



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

4.7 Paragraph 7.9 of the State's prayer for relief requests orders "necessary to recover all money Washingtonians have lost at illegal gambling and/or activities through Defendant pursuant to Washington's Recovery of Money Lost at Gambling Act, RCW 4.24.070."

4.8 The State filed that complaint eighty-two (82) days before Plaintiff's first transfer of funds to Kalshi. Every one of Plaintiff's 253 transfers, and the entirety of the conduct alleged in this Complaint, postdates the State's public allegation that KalshiEX's Washington operations were unlawful. The prohibition the State invoked, RCW 9.46.240, has been in force since 2006.

4.9 On July 17, 2026, the Honorable John F. McHale granted the State's motion for a preliminary injunction.

4.10 On August 12, 2026, the Court entered an Amended and Updated Order Granting Plaintiff State of Washington's Amended Motion for Preliminary Injunction. Paragraph 3 of that Order directs that KalshiEX "shall cease marketing, advertising, promoting, conducting, operating, facilitating, distributing, offering, or accepting event contracts . . . in Washington, related to sports," among other categories.

4.11 Both Orders require KalshiEX to preserve records related to Washington consumers, "including logs, communications, geolocation/location determinations, and marketing/targeting data," until further order of the Court.

**C. Kalshi did not restrict Washington access during Plaintiff's activity.**

4.12 The August 12, 2026 Order established deadlines for KalshiEX to implement location-based restrictions on Washington users: an initial requirement by August 19, 2026, and multi-source geolocation verification by September 2, 2026.



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

4.13 Both deadlines postdate Plaintiff's final transfer of funds on August 14, 2026. Throughout the period alleged in this Complaint, Kalshi's platform remained fully accessible to Plaintiff in Washington and Kalshi accepted every transfer he made.

4.14 On or about September 15, 2026, after Kalshi implemented location restrictions, Kalshi's platform displayed to Plaintiff the notice "Using this app in your current location is prohibited," together with an indication that location verification had expired on August 19, 2026 — the date set by this Court.

**D. Plaintiff's transfers and losses.**

4.15 Plaintiff opened an account with Kalshi under the email address scottabright1@gmail.com.

4.16 Between June 17 and August 14, 2026, Plaintiff transferred $315,353.94 to Kalshi in 253 separate debits from his checking account at U.S. Bank. Kalshi has returned no funds to that account.

4.17 Kalshi assessed $5,589.05 in funding fees on those transfers, crediting $309,764.89 to Plaintiff's account.

4.18 Plaintiff staked those funds on the outcomes of sporting events, including Major League Baseball games; professional tennis matches on the ATP, WTA, Challenger, and ITF tours; and professional baseball in Korea and Japan.

4.19 Kalshi's platform cycled Plaintiff's deposits through $14,396,457.30 in transactions and assessed and retained $84,062.71 in trading fees on them, equal to 26.7 percent of everything Plaintiff deposited. Kalshi collected those fees irrespective of whether Plaintiff won or lost any given position. The fees were charged in addition to the bid-ask spread on each transaction, which accrued to whichever participant took the opposite side.



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

4.20 Plaintiff's net realized loss, inclusive of fees, was $308,781.62. His account retained a balance of $983.27.

4.21 These figures reconcile precisely: $309,764.89 credited, less $308,781.62 in net realized losses, equals the $983.27 residual balance.

4.22 Computed on the event-by-event basis required by *Heitfeld*, under which winnings in separate and distinct events may not be offset against losses, the sums Plaintiff lost total $580,544.98.

**E. No agreement to arbitrate claims against Kalshi.**

4.23 KalshiEX's Rulebook defines "Participant" to mean "a Self-Clearing Member, an FCM, an IB, an FCM Customer, and/or an IB Customer." KalshiEX is not within that definition; the Rulebook refers to KalshiEX separately as "the Company."

4.24 Rule 10.1(a) of the Rulebook provides that arbitration under Chapter 10 applies, "[i]f so elected by a Participant," to "any Claim by the Participant against a Participant." By its terms it does not reach claims against KalshiEX, and any election under it belongs to the Participant. Plaintiff has not elected arbitration under Rule 10.1(a) or any other provision, and does not elect it.

4.25 Chapter 10 assigns to KalshiEX the role of administrator rather than party: the arbitration fee is payable to KalshiEX under Rule 10.2(b), and KalshiEX convenes the panel and distributes the filings under Rules 10.2(c) and 10.5(a).

4.26 KalshiEX's Member Agreement contains no independent arbitration provision, no venue provision, no jury trial waiver, and no class action waiver. Its governing-law section states that any dispute "will be settled in accordance with the procedures set forth in the Kalshi Rulebook."



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

4.27 Kalshi Inc. is not a party to the Member Agreement or the Rulebook. The Member Agreement identifies the contracting party as "KalshiEX, LLC ('Kalshi' or the 'Exchange')," and its governing-law section addresses a "dispute between Kalshi and You arising from or in connection with this Agreement." The Rulebook provides that "'Kalshi' or 'Company' means KalshiEX LLC, or any successor thereto." Neither instrument names Kalshi Inc. in any provision concerning arbitration or the resolution of disputes.

4.28 Plaintiff has not agreed to arbitrate the claims asserted in this Complaint, and no enforceable agreement requires him to do so. To the extent Kalshi contends otherwise, Plaintiff reserves all challenges to the formation, scope, and enforceability of any such provision, including under chapter 19.86 RCW and Washington unconscionability doctrine.

**F. Kalshi's own Affiliate trades on its platform for profit.**

4.29 Rule 2.12(e) of KalshiEX's Rulebook discloses that an Affiliate of KalshiEX "participates on the Platform and provides liquidity to the Platform by placing orders on either (or both) sides of a market at competitive price levels," that "[t]he Affiliate's business purpose is profitability," that "[t]he Affiliate's capitalization derives from the holding company that owns the Company and Entity," and that "one or more employees of the Company serve on the board of directors of the Company, the Affiliate, and the holding company that owns both." On information and belief, that holding company is Kalshi Inc.

4.30 The identity of the participant on the opposite side of each of Plaintiff's positions, and the profit each such participant realized, is information exclusively within Kalshi's possession. On information and belief, Kalshi's Affiliate, designated market makers compensated or incentivized by Kalshi, or both, took the opposite side of a substantial portion of Plaintiff's positions.



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

4.31 To the extent Kalshi's Affiliate took the opposite side of Plaintiff's positions, Kalshi and the enterprise under common ownership with it were not a neutral venue but the dealer or player winning within the meaning of RCW 4.24.070, in addition to being the proprietor for whose benefit the wagering was conducted.

## V. CLAIMS FOR RELIEF

### COUNT I — Recovery of Money Lost at Gambling, RCW 4.24.070

5.1 Plaintiff incorporates the foregoing paragraphs.

5.2 The wagering Kalshi offered and accepted from Plaintiff in Washington constituted illegal gambling under RCW 9.46.240 and chapter 9.46 RCW.

5.3 Each Defendant is a proprietor for whose benefit the wagering was conducted. KalshiEX operated the platform, set the terms, matched the wagers, and collected a fee on every transaction. On information and belief, Kalshi's Affiliate also took the opposing side of a portion of Plaintiff's wagers for profit. Kalshi Inc., as KalshiEX's parent and, on information and belief, the source of its Affiliate's capital, received the benefit of that activity.

5.4 Plaintiff lost money at and on that illegal gambling.

5.5 Plaintiff is entitled to recover the sums lost under RCW 4.24.070, in the amount of $580,544.98 computed on an event-level basis.

### COUNT II — Violation of the Consumer Protection Act, chapter 19.86 RCW

5.6 Plaintiff incorporates the foregoing paragraphs.

5.7 Kalshi's marketing, offering, and acceptance of unlawful wagering from Washington consumers, including Plaintiff, constitutes an unfair act or practice in the conduct of trade or commerce, in violation of RCW 19.86.020. Kalshi offered and accepted that



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

wagering in violation of RCW 9.46.240 and chapter 9.46 RCW, and did so after the State of Washington had publicly alleged that it was unlawful.

5.8 Kalshi's conduct occurred in trade or commerce and affects the public interest. The Washington Attorney General has alleged the same conduct against KalshiEX on behalf of the public, and this Court has entered injunctive relief.

5.9 Kalshi's conduct proximately caused injury to Plaintiff in his business or property in an amount to be proven at trial.

5.10 Plaintiff is entitled to actual damages, enhanced damages subject to the statutory limit, and reasonable attorneys' fees and costs under RCW 19.86.090.

**COUNT III — Unjust Enrichment (pleaded in the alternative)**

5.11 Plaintiff incorporates the foregoing paragraphs.

5.12 Kalshi received $315,353.94 of Plaintiff's funds and retained the entirety of that sum, under circumstances in which retention is inequitable.

5.13 Kalshi's enrichment is not limited to the fees it assessed. Kalshi created and marketed the wagering, set its terms, determined which events would be offered, held Plaintiff's funds, and conducted the activity for its own commercial benefit. Kalshi is the proprietor for whose benefit the wagering was conducted, and its retention of Plaintiff's transferred funds is inequitable irrespective of how Kalshi allocated those funds internally or among counterparties. *See Heitfeld*, 36 Wn.2d at 695.

5.14 In addition, and without limiting the foregoing, Kalshi deducted $5,589.05 in funding fees before crediting Plaintiff's transfers and assessed a further $84,062.71 in trading fees on Plaintiff's transactions — $89,651.76 in total — which it collected irrespective of the outcome of any position and in the conduct of activity this Court has since enjoined.



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

5.15 Plaintiff is entitled to restitution and disgorgement in an amount to be proven at trial, including all funds Plaintiff transferred to Kalshi and the $89,651.76 in fees Kalshi collected.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants KalshiEX LLC and Kalshi Inc., jointly and severally, and:

6.1 Enter judgment for Plaintiff on Count I in the amount of $580,544.98;

6.2 Enter judgment for Plaintiff on Count II for actual damages in an amount to be proven at trial, together with enhanced damages in the maximum amount permitted by RCW 19.86.090;

6.3 In the alternative to Counts I and II, award restitution and disgorgement under Count III in an amount to be proven at trial, including all funds Plaintiff transferred to Kalshi and the $89,651.76 in funding and trading fees Kalshi collected;

6.4 Award reasonable attorneys' fees and costs under RCW 19.86.090, with such contingency-risk adjustment to the lodestar as the Court finds warranted under *Bowers v. Transamerica Title Insurance Co.*, 100 Wn.2d 581, 598–99, 675 P.2d 193 (1983);

6.5 Award prejudgment and post-judgment interest at the maximum rate allowed by law, RCW 19.52.010;

6.6 Order that Kalshi preserve and produce all records relating to Plaintiff's account and all marketing and targeting data directed to Washington;

6.7 Grant such other and further relief as the Court deems just and equitable.



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

RESPECTFULLY SUBMITTED AND DATED this 24th day of September, 2026.

DAUDT LAW PLLC

By: ______________________________
Michael D. Daudt, WSBA #25690
Email: mike@daudtlaw.com
101 Yesler Way, Suite 600
Seattle, Washington 98104
Telephone: (206) 445-7733
Facsimile: (206) 445-7399

*Attorney for Plaintiff Scott A. Bright*