THE HONORABLE TANA LIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT A. BRIGHT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KALSHIEX LLC, a Delaware limited liability company; and KALSHI INC., a Delaware corporation,<br><br>Defendants. | NO. 2:26-cv-04091-TL<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY PROCEEDINGS**<br><br>NOTED FOR CONSIDERATION:<br>November 20, 2026 |



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ........ 1

II. BACKGROUND ........ 1

A. Plaintiff's claims. ........ 1

B. The status of Supreme Court review. ........ 2

C. *Assad*. ........ 2

III. LEGAL STANDARD ........ 3

IV. ARGUMENT ........ 3

A. A stay would not simplify this case. *Assad* controls, and the pending motion turns on Washington law. ........ 3

1. This Court is bound by *Assad*. ........ 3

2. A stay would not resolve the issues before the Court. ........ 4

3. Defendants' authorities involved stays of a different kind. ........ 5

B. A stay would harm Plaintiff, and its term is effectively indefinite. ........ 6

1. The requested stay is effectively open-ended. ........ 6

2. Delay is real harm to Plaintiff. ........ 6

3. The State's case does not protect Plaintiff. ........ 7

C. Defendants have not shown a clear case of hardship. ........ 7

1. Defending this suit is not a hardship. ........ 7

2. This case cannot become a "frontrunner." ........ 7

3. The possibility that others might file suit is not a hardship to Defendants in this case. ........ 8

4. Double recovery can be addressed without a stay. ........ 8

D. Alternatively, any stay should be narrowly limited. ........ 8

V. CONCLUSION ........ 8




DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Babare v. Sigue Corp.*, 2020 WL 8617424 (W.D. Wash. Sept. 30, 2020) .................................. 5

*Camreta v. Greene*, 563 U.S. 692 (2011) .................................. 7

*Centeno v. Inslee*, 310 F.R.D. 483 (W.D. Wash. 2015) .................................. 5

*Chinaryan v. City of Los Angeles*, 122 F.4th 823 (9th Cir. 2024) .................................. 4

*CMAX, Inc. v. Hall*, 300 F.2d 265 (9th Cir. 1962) .................................. 3

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059 (9th Cir. 2007) .................................. 3, 6

*Ferris & Hardgrove v. Buff*, 20 Wash. 2d 161, 146 P.2d 331 (1944) .................................. 5

*Flaherty v. KalshiEX, LLC*, No. 26-299 (U.S. Sept. 2, 2026) .................................. 1–2, 8

*Ga. Gambling Recovery LLC v. Kalshi, Inc.*, No. 4:25-cv-310 (M.D. Ga. May 18, 2026) .................................. 5

*Hendrix v. Cozy Earth Holdings, Inc.*, 2026 WL 2859155 (W.D. Wash. Sept. 23, 2026) .................................. 5

*Ho-Chunk Nation v. Kalshi Inc.*, No. 25-cv-698 (W.D. Wis.) .................................. 5

*KalshiEX, LLC v. Assad*, 190 F.4th 1098 (9th Cir. 2026) .................................. *passim*

*KalshiEX, LLC v. Assad*, No. 25-7516 (9th Cir. Nov. 4 & Nov. 9, 2026) .................................. 2

*Landis v. N. Am. Co.*, 299 U.S. 248 (1936) .................................. 1, 3, 6–8

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857 (9th Cir. 1979) .................................. 3, 6

*Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) .................................. 3, 6–7

*Yong v. INS*, 208 F.3d 1116 (9th Cir. 2000) .................................. 3, 6, 8

*In re Zermeno-Gomez*, 868 F.3d 1048 (9th Cir. 2017) .................................. 3–4

**Statutes**

RCW 4.24.070 .................................. 1, 4

RCW 9.46.0237 .................................. 5

**Rules**

Fed. R. Civ. P. 15(a)(1)(B) .................................. 2

Sup. Ct. R. 15.5 .................................. 2

## I. INTRODUCTION

Defendants ask this Court to sideline a case governed by binding Ninth Circuit precedent so that they can wait for a Supreme Court decision that may never come. The Supreme Court has not granted review of anything. The only pending petition is New Jersey's, in *Flaherty v. KalshiEX, LLC*, No. 26-299 (U.S. Sept. 2, 2026). KalshiEX is the respondent in that case, and it has twice obtained more time to respond. Its response, first due October 8, 2026, is now due December 7, 2026. KalshiEX asked for the second extension on October 29, 2026. It filed this motion the next day, telling the Court that the question presented would "shape the merits of every claim here," Dkt. No. 9 at 10, without disclosing that KalshiEX itself had just pushed that question further into the future.

Defendants concede that *KalshiEX, LLC v. Assad*, 190 F.4th 1098 (9th Cir. 2026), "currently binds this Court." Dkt. No. 9 at 10 n.4. Their companion motion to dismiss tells the Court that it "need not reach" whether the transactions at issue are illegal gambling, because, Defendants say, "each count fails on its own elements" even if they are. Dkt. No. 10 at 9. Those two concessions decide this motion. The controlling federal question is settled in this Circuit, and the issues actually before the Court are questions of Washington law that no ruling on federal preemption will resolve.

Defendants bear the burden of making out "a clear case of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). They offer only the burden of defending this suit and speculation about lawsuits other people have not filed. Neither is enough. The motion should be denied.

## II. BACKGROUND

### A. Plaintiff's claims.

Plaintiff Scott A. Bright is a Washington resident. He brings this individual action to recover money he lost on Defendants' platform between June 17 and August 14, 2026, under RCW 4.24.070, the Consumer Protection Act, and, in the alternative, unjust enrichment. Dkt.



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

No. 1-2. Plaintiff will file a First Amended Complaint as a matter of course on or before November 20, 2026. Fed. R. Civ. P. 15(a)(1)(B).

**B. The status of Supreme Court review.**

New Jersey filed its petition in *Flaherty* on September 2, 2026, and asked the Supreme Court to resolve the question "this Term." Dkt. No. 9 at 6. KalshiEX's response was due October 8, 2026. In September, KalshiEX obtained an extension of that deadline to November 9, 2026. On October 29, KalshiEX moved again, this time to December 7, 2026, and that motion was granted on October 30. Declaration of Michael D. Daudt, Ex. 1 (KalshiEX's October 29, 2026 extension request); *Flaherty*, No. 26-299 (U.S. Oct. 30, 2026) (docket entry granting extension). Defendants filed this motion on October 30. The motion does not mention either extension.

Under the Supreme Court's rules, a petition is not distributed for the Court's consideration until at least 14 days after the brief in opposition is filed. Sup. Ct. R. 15.5. With KalshiEX's response now due December 7, the Supreme Court is unlikely to consider whether to grant review before January 2027.

**C. *Assad*.**

On August 28, 2026, the Ninth Circuit held that sports event contracts like those at issue here are likely not swaps under the Commodity Exchange Act, and rejected KalshiEX's field and conflict preemption arguments. *Assad*, 190 F.4th at 1120–22. On November 4, 2026, the panel unanimously denied KalshiEX's petitions for panel rehearing and rehearing *en banc*, and no judge of the full court requested a vote. KalshiEX, LLC v. Assad, No. 25-7516, Dkt. No. 231 (9th Cir. Nov. 4, 2026). On November 9, 2026, KalshiEX moved to stay the Ninth Circuit's mandate pending a petition for certiorari that it intends to file in *Assad*. *Id.*, Dkt. No. 232 (9th Cir. Nov. 9, 2026). Defendants acknowledge that *Assad* binds this Court and do not ask the Court to depart from it. Dkt. No. 9 at 10 n.4.



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

## III. LEGAL STANDARD

"[I]f there is even a fair possibility that the stay for which he prays will work damage to some one else," the party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. "Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id*. Courts weigh the possible damage from a stay, the hardship to the movant of going forward, and the orderly course of justice. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

"Generally, stays should not be indefinite in nature." *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). If a stay "is especially long or its term is indefinite," a greater showing is required to justify it. *Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000).

## IV. ARGUMENT

### A. A stay would not simplify this case. *Assad* controls, and the pending motion turns on Washington law.

1. <u>This Court is bound by *Assad*.</u>

"[O]nce a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." *Yong*, 208 F.3d at 1119 n.2. A published Ninth Circuit opinion "must be followed unless and until overruled by a body competent to do so." *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) (citation omitted).

Defendants' point that *Assad* "faces a pending petition for rehearing en banc," Dkt. No. 9 at 10, no longer holds. The Ninth Circuit denied rehearing on November 4, 2026, without a



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

single judge calling for a vote. KalshiEX's pending motion to stay the mandate does not diminish the binding force of a published Ninth Circuit decision. *See Zermeno-Gomez*, 868 F.3d at 1052 (published decision binds lower courts whether or not the mandate has issued). Nor does recent agency action change that rule. A proposed CFTC rule is not law. The CFTC's November 5, 2026 interpretation of its "impartial access" regulation does not displace *Assad*, which already rejected KalshiEX's argument that restricting access in a State would violate that regulation, calling it "a false, all-or-nothing proposition." *Assad*, 190 F.4th at 1120–22. Defendants cannot argue otherwise, because they concede *Assad* binds this Court. Dkt. No. 9 at 10 n.4.

Defendants cite *Chinaryan v. City of Los Angeles*, 122 F.4th 823, 825 (9th Cir. 2024), for the proposition that a district court has authority to stay a case while a party seeks certiorari. Plaintiff does not dispute that the Court has that authority. The question is whether Defendants have shown that it should be exercised here, and *Chinaryan* does not answer that question.

2. <u>A stay would not resolve the issues before the Court.</u>

Defendants' motion to dismiss raises the following questions:

(a) whether Defendants are the "dealer or player winning" or the "proprietor for whose benefit" the games were played under RCW 4.24.070;

(b) whether Plaintiff has identified the money lost at each game;

(c) whether Plaintiff's transactions occurred in Washington;

(d) whether Plaintiff has alleged an unfair or deceptive act, causation, and injury under the CPA; and

(e) whether equity permits an unjust-enrichment claim.

Dkt. No. 10 at i–ii. Each is a question of Washington law. A Supreme Court ruling on whether the Commodity Exchange Act preempts state gambling law would answer none of them. Defendants themselves say so. Their motion to dismiss argues that "each count fails on its own elements even if the transactions at issue are assumed to be illegal gambling," so that "the



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

Court need not reach that question to dismiss the Complaint." Dkt. No. 10 at 9. Having told the Court in one motion that it can decide the pleadings without the federal question, Defendants cannot persuasively argue in the other that the federal question must be resolved before anything else happens.

Defendants also suggest that the exclusion in RCW 9.46.0237 for "bona fide business transactions valid under the law of contracts" is "closely tied" to the swap question. Dkt. No. 9 at 9–10. That exclusion is a question of Washington law for this Court. A transaction prohibited by Washington's gambling statutes is not valid under the law of contracts. *Ferris & Hardgrove v. Buff*, 20 Wash. 2d 161, 163, 146 P.2d 331 (1944). And the only federal answer that binds this Court on the swap question is *Assad's*.

3. <u>Defendants' authorities involved stays of a different kind.</u>

In *Centeno v. Inslee*, 310 F.R.D. 483 (W.D. Wash. 2015), and *Babare v. Sigue Corp.*, 2020 WL 8617424 (W.D. Wash. Sept. 30, 2020), the Supreme Court had already granted certiorari on the controlling question. A decision was therefore certain and on a known schedule. No such grant exists here. In *Hendrix v. Cozy Earth Holdings, Inc.*, 2026 WL 2859155 (W.D. Wash. Sept. 23, 2026), the stay awaited a Ninth Circuit appeal the court of appeals was required to decide. *Ho-Chunk Nation v. Kalshi Inc.*, No. 25-cv-698 (W.D. Wis.), involved an interlocutory appeal the court itself had certified, in a case outside this Circuit and not bound by *Assad*. The Georgia order (*Ga. Gambling Recovery LLC v. Kalshi, Inc.*, No. 4:25-cv-310, Dkt. No. 73 (M.D. Ga. May 18, 2026)) is a text-only order, issued before any certiorari petition had been filed, in a circuit not bound by *Assad*. Dkt. No. 9 at 11. None of these cases involved a binding court of appeals decision on the controlling question and a movant that was itself delaying the proceeding it asked the court to wait for.



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

**B. A stay would harm Plaintiff, and its term is effectively indefinite.**

1. <u>The requested stay is effectively open-ended.</u>

Defendants describe their request as a "reasonably bounded" six-month stay. Dkt. No. 9 at 11, 13. A stay must be "so framed in its inception that its force will be spent within reasonable limits." *Landis*, 299 U.S. at 257. But the stay is tied to a petition the Supreme Court is unlikely to consider before January 2027, a timeline that exists only because KalshiEX twice extended its own deadline. Even if review were granted at the first opportunity, a decision on the merits would not be expected before the end of June 2027, and it could come considerably later. A six-month stay entered now would expire before any such decision. Defendants already ask that it be extendable "based on that disposition or other changed circumstances." Dkt. No. 9 at 14–15. As a practical matter, Defendants are asking for the first installment of a stay of unknown length, of the kind the Ninth Circuit has repeatedly held improper. *Dependable Highway*, 498 F.3d at 1066–67; *Yong*, 208 F.3d at 1119–21; *Lockyer*, 398 F.3d at 1112–13. Under *Leyva*, a stay is appropriate only if the other proceeding is likely to conclude within a reasonable time. 593 F.2d at 864. Defendants have not shown that, and their own conduct in the Supreme Court makes it less likely. KalshiEX now also plans to seek certiorari in *Assad* itself, on a deadline that runs to February 2, 2027, which would push any decision later still.

2. <u>Delay is real harm to Plaintiff.</u>

Defendants say a stay "costs Mr. Bright nothing" because he seeks money and could recover interest. Dkt. No. 9 at 2, 12–13. If that were the rule, every damages case could be stayed whenever a defendant identified a related appellate question somewhere in the country. That is the opposite of what *Landis* requires—*Landis* reserves such stays for "rare circumstances." 299 U.S. at 255. Defendants also "dispute that he is entitled to" prejudgment interest. Dkt. No. 9 at 12-13. If Defendants were to succeed in disputing Plaintiff's entitlement to prejudgment interest, the harm to Plaintiff from delay would be obvious.

Plaintiff is an individual seeking the return of his own money. He has a legitimate interest in having his claims decided without delay of uncertain length, and the threshold for



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

showing "even a fair possibility" of harm is low. *Landis*, 299 U.S. at 255. *Lockyer*, on which Defendants rely, vacated a stay. 398 F.3d at 1112–13.

3. The State's case does not protect Plaintiff.

Defendants point to the State's enforcement action and its preliminary injunction. Dkt. No. 9 at 12–13. That injunction protects the public going forward. It does not return a dollar to Plaintiff. Plaintiff is not a party to the State's case and does not control it. Defendants are contesting it, including on the very preemption ground they invoke here. The funds-preservation provision Defendants cite reaches only transaction-fee funds, not the money Plaintiff lost, and the record-preservation provision exists only by virtue of an interlocutory order in that contested case. *Id*. at 13 (citing Order ¶¶ (1), (4)). A pending enforcement action that Defendants are fighting is no substitute for Plaintiff's own claim.

**C. Defendants have not shown a clear case of hardship.**

1. Defending this suit is not a hardship.

"[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. Defendants' first claimed hardship, litigating under a legal framework the Supreme Court "may soon displace," Dkt. No. 9 at 2, 14, is that hardship and nothing more. Every litigant faces the possibility that the law may change.

2. This case cannot become a "frontrunner."

Defendants say that without a stay this case "would become the frontrunner" and would invite "copycat suits." Dkt. No. 9 at 11, 14. That concern is misplaced. "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (citation omitted). A ruling in this individual case would bind only these parties. The decision that already governs the federal question in this Circuit is *Assad*, and staying this case would not alter it. Nor would a stay promote uniformity. As the Ninth Circuit



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

observed in *Yong*, a stay order affects only the case before the judge who enters it and binds no other court. 208 F.3d at 1120–21.

3. <u>The possibility that others might file suit is not a hardship to Defendants in this case.</u>

Whether other persons choose to bring their own claims does not depend on whether this case is stayed, and it is not a burden of going forward in this action. Speculation about lawsuits that do not exist is not the "clear case of hardship" *Landis* requires.

4. <u>Double recovery can be addressed without a stay.</u>

Defendants note that "there can be no double recovery for the same injury." Dkt. No. 9 at 14. Plaintiff agrees. That rule governs what a plaintiff may ultimately collect, and it is applied at judgment through credit or offset. It is not a reason to stop a case at the pleading stage. To remove any doubt, Plaintiff agrees that any amount that he receives through the State's action on account of the same losses may be credited against any judgment he obtains here.

**D. Alternatively, any stay should be narrowly limited.**

If the Court does not deny the motion outright, Plaintiff respectfully requests that the Court (1) deny the motion without prejudice to renewal if the Supreme Court grants a petition for certiorari presenting the preemption question; or, at a minimum, (2) order that any stay take effect only after the First Amended Complaint is filed and the pleadings are settled, and that it terminate automatically upon the Supreme Court's denial of certiorari in *Flaherty*, without the need for further motion.

## V. CONCLUSION

Defendants concede that *Assad* binds this Court. They concede that their motion to dismiss can be decided without reaching the federal question. And they have twice delayed the very Supreme Court proceeding they ask this Court to await. They have not made out a clear case of hardship or inequity. The motion to stay should be denied.



DAUDT LAW PLLC
101 Yesler Way, Suite 600
Seattle, Washington 98104
TEL. 206.445.7733 • FAX 206.445.7399

RESPECTFULLY SUBMITTED AND DATED this 16th day of November, 2026.

I certify that this memorandum contains 2,724 words, in compliance with the Local Civil Rules.

DAUDT LAW PLLC

By: /s/ Michael D. Daudt, WSBA #25690
Michael D. Daudt, WSBA #25690
Email: mike@daudtlaw.com
101 Yesler Way, Suite 600
Seattle, Washington 98104
Telephone: (206) 445-7733
Facsimile: (206) 445-7399

*Attorney for Plaintiff Scott A. Bright*

CERTIFICATE OF SERVICE

I, Michael D. Daudt, hereby certify that on November 16, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jessica E. La Londe, WSBA #56399
Email: jelalonde@duanemorris.com
DUANE MORRIS LLP
Spear Tower, One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: (415) 957-3225
Facsimile: (415) 520-9395

*Attorneys for Defendants KalshiEX LLC and Kalshi Inc.*

DATED this 16th day of November, 2026.

DAUDT LAW PLLC

By: /s/ Michael D. Daudt, WSBA #25690
Michael D. Daudt, WSBA #25690
Email: mike@daudtlaw.com
101 Yesler Way, Suite 600
Seattle, Washington 98104
Telephone: (206) 445-7733
Facsimile: (206) 445-7399

*Attorney for Plaintiff Scott A. Bright*